UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
-----------------------------------------------------------------X

MIGUEL PEREZ,

                            Plaintiffs,                      **COMPLAINT**

       -against-                                    **JURY TRIAL DEMANDED**

FUTURE MOTION, INC.,

                            Defendants.

-----------------------------------------------------------------X

      Plaintiff MIGUEL PEREZ, by his attorney the LAW OFFICE OF AARON A. KARGER, P.A., complaining of the defendants herein, allege as follows:

## THE PARTIES

    1.    At all times hereinafter mentioned, plaintiff MIGUEL PEREZ was and still is a citizen of the State of Florida, residing in the County of Orange.

    2.    Upon information and belief, at all times hereinafter mentioned, defendant FUTURE MOTION, INC. was and still is a foreign corporation duly authorized to do business in the State of Florida, having its principal office for the transaction of business in the City of Santa Cruz, County of Santa Cruz and State of California.

    3.    Upon information and belief, at all times hereinafter mentioned, Defendant FUTURE MOTION, INC. was in the business of designing, selling, manufacturing and/or distributing products for the purpose of sale and use to the general public.

    4.    Upon information and belief, at all times hereinafter mentioned, defendant FUTURE MOTION, INC. transacted and conducted business in the State of Florida.

5. Upon information and belief, at all times hereinafter mentioned, defendant FUTURE MOTION, INC. derived substantial revenue from goods and products used in the State of Florida.

6. Upon information and belief, at all times hereinafter mentioned, defendant FUTURE MOTION, INC. expected or should have expected its acts to have consequences within the State of Florida and derived substantial revenue from interstate commerce within the United States, and within the State of Florida in particular.

7. Additionally, at all material times, defendant FUTURE MOTION, INC. submitted itself to the jurisdiction of this Honorable Court by doing personally or through its agents, the following acts:

a. Conducting and engaging in substantial business and other activities in Florida by selling its products to persons, firms, or corporations in this state. Such products were purchased and used by consumers in Florida in the ordinary course of commerce and trade;

b. Committing a tortious act within this state by designing, assembling, manufacturing, testing, selling and delivering defective products, which are the subject of this Complaint, to persons, firms, or corporations in this state. Such products were used by consumers in Florida in the ordinary course of commerce, trade, or use. Such tortious acts resulted in substantial injuries to persons, including plaintiff MIGUEL PEREZ in Florida;

c. Causing injury to persons in Florida, including plaintiff MIGUEL PEREZ At or about the time said injuries occurred, defendant FUTURE MOTION, INC. engaged in solicitation activities in Florida to promote the sale, consumption, and use of its products; and

d. Manufacturing, selling, and delivering defective products, including a self-balancing electric board/recreational personal transporter, often described as an electric skateboard, known as a "Onewheel Pint" (hereinafter "Onewheel Pint"), with knowledge or reason to foresee that its products would be shipped in interstate commerce and would reach the market of Florida users or consumers.

8. The events, acts, errors, and/or omissions that give rise to this action occurred in Orange County, Florida.

## JURISDICTION & VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a)(1), as a consequence of the fact that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of the State of Florida and citizens or subjects of a foreign State.

10. This Court has personal jurisdiction over the defendants herein because defendants transact business within the State of Florida and this district; have availed themselves of the privilege of conducting activities within the State of Florida and this district; and have engaged in the activities giving rise to this lawsuit within the State of Florida and this district.

11. Venue is appropriate in this Court pursuant to 28 U.S.C. Section 1391(a)(b) because defendants maintain offices within this district and/or are transacting business in this district; and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## ALLEGATIONS COMMON TO ALL CLAIMS AGAINST DEFENDANT FUTURE MOTION

12. At all times hereinafter mentioned, defendant FUTURE MOTION, INC. designed and manufactured, offered for sale, sold and delivered to plaintiff MIGUEL PEREZ directly, a self-balancing electric board/recreational personal transporter, often described as an electric skateboard known as a "Onewheel Pint" (hereinafter "Onewheel Pint") bearing Serial Number 2048297233.

13. Defendant FUTURE MOTION developed, designed, and engineered all of the Onewheel Pint subsystems, including motors, power electronics, battery modules, firmware, software,

and smartphone applications.

14. At all material times defendant FUTURE MOTION sold and delivered the Onewheel Pint directly to plaintiff MIGUEL PEREZ.

15. Operation of the Onewheel Pint is controlled and/or monitored, in part, by an application installed on users' smartphones (hereinafter, "The App"). The App allows users of the Onewheel Pint to view their total miles, battery life, speed, etc. The App communicates and interacts with the firmware installed on the Onewheel board, controlling certain aspects of its operation and collecting and processing data.

16. Videos on defendant FUTURE MOTION's website depict users riding the Onewheel Pint in a variety of settings: through standing water, on roadways (with cars in the vicinity), across dirt paths, gravel roads, on the beach, through deep sand, through wooded areas, and on and off the sidewalk.

17. There are miscalculations in the operation of the Onewheel Pint that cause the board to come to an abrupt stop unpredictably and eject the unsuspecting rider forward and off the device. This unreasonably dangerous defect, as alleged herein, caused severe injuries to plaintiff MIGUEL PEREZ in his ordinary use of the Onewheel Pint.

18. Defendant FUTURE MOTION has equipped the Onewheel Pint with what it calls "Push Back" when the device is approaching its limits during use. Often, however, instead of or in addition to the Push Back, which is allegedly designed as a warning to riders to avoid a dangerous situation, the Onewheel Pint will simply stop abruptly during ordinary use. This almost always results in the rider being thrown off the device. Different factors affect whether, when, and how the Onewheel Pint will stop suddenly and shutdown. These factors include: the rider's weight, the tire pressure, the wind direction, the rider's stance, the battery level, the

grade of incline or decline, and others. Thus, predicting exactly when or what will cause the Onewheel Pint to abruptly stop is nearly impossible for the Onewheel Pint rider.

19. The Onewheel Pint may abruptly stop while in motion due to: (i) velocity; (ii) ascending hills; (iii) descending hills; (iv) when the battery has too little charge; (v) when the battery has too much charge; (vi) when the Onewheel accelerates too quickly; (vii) some combination of causes; and (viii) causes that are still not understood. The Onewheel Pint is also known to abruptly stop at random during ordinary use when none of these factors are present.

20. Not only is it prohibitively difficult to determine when the Onewheel Pint will abruptly stop during ordinary use, but such unexpected events almost invariably cause the rider to be ejected and injured, often severely, as in this case.

21. On or about October 16, 2021, while plaintiff MIGUEL PEREZ was riding the Onewheel Pint on Lake Live Oak Dr., in Avalon Park, Orlando, located in Orange County, Florida, in accordance with the packaged instructions, the Onewheel Pint, without notice, suddenly and unexpectedly shut off while in motion causing said plaintiff to be ejected from the Onewheel Pint, and which fall caused plaintiff to sustain the serious injuries hereinafter set forth.

22. At all times material to this action, plaintiff used the Onewheel Pint in the manner in which defendant FUTURE MOTION, Inc. intended it to be used.

**AS AND FOR A FIRST, SEPARATE & DISTINCT CAUSE OF ACTION
AS AGAINST DEFENDANT FUTURE MOTION, INC.
(NEGLIGENCE)**

23. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "29" with the same force and effect as though fully set forth at length herein.

24. DUTY: In designing, manufacturing, constructing, assembling, testing, inspecting, labeling, marketing, distributing and/or selling the Onewheel Pint, defendant FUTURE MOTION had a duty to users, operators, and consumers, like plaintiff MIGUEL PEREZ, to provide products that were safe for their intended and foreseeable uses. Defendant FUTURE MOTION was under a duty to properly and adequately design, manufacture, construct, assemble, test, inspect, label, provide adequate warnings for, market, distribute, and sell the Onewheel Pint in a reasonably safe condition so as not to present a danger to consumers who reasonably and expectedly under ordinary circumstances would come into contact with the Onewheel Pint, including plaintiff MIGUEL PEREZ.

25. BREACH: Defendant FUTURE MOTION, INC., its agents, servants and/or employees were reckless, careless and negligent in, among other things, that they failed and omitted to design, manufacture and sell a product that was reasonably safe; failed and omitted to adequately test the Onewheel Pint; failed and omitted to adequately warn plaintiff MIGUEL PEREZ of the risks and dangers associated with the use of the Onewheel Pint; failed and omitted to test and explore reasonable and more safe alternative devices; failed and omitted to employ adequately skilled personnel to design, manufacture, make, offer and/or deliver a product having a properly designed and constructed means of supporting a rider such that those persons properly using the Onewheel Pint would not be ejected by a sudden shutoff; and the defendant FUTURE MOTION, INC, its agents, servants and/or employees, knew or should have known that a consumer would and could be injured if such device were not properly designed and constructed; failed and omitted to properly, reasonably and adequately design, make and manufacture the Onewheel Pint in that it would shut off suddenly and without a

warning when approaching the device's limits during use; failed and omitted to properly, reasonably and adequately design, make and manufacture the Onewheel Pint in that it would shut off suddenly and without a warning while in motion when the battery was low; failed and omitted to properly, reasonably and adequately design, make and manufacture the Onewheel Pint in that it would shut off suddenly and without a warning to prevent overcharging of the battery while collecting kinetic energy; failed and omitted to properly, reasonably and adequately design, make and manufacture the Onewheel Pint in that it would shut off suddenly and without a warning while in motion when experiencing quick acceleration; failed and omitted to properly, reasonably and adequately design, make and manufacture the Onewheel Pint in that it would shut off suddenly and without a warning due to a software/coding issue; failed and omitted to properly, reasonably and adequately design, make and manufacture the Onewheel Pint in that it would fail to balance while in motion without a warning; failed and omitted to properly, reasonably and adequately design, make and manufacture the Onewheel Pint in that it would suddenly and without warning tip forward while in motion and eject riders such as plaintiff MIGUEL PEREZ herein; failed and omitted to properly, reasonably and adequately design, make and manufacture the Onewheel Pint so that it would display the battery charge level without the use of a separate device such as a smartphone; and the defendant FUTURE MOTION, INC, its agents, servants and/or employees, knew or should have known that a consumer would and could be injured because of the failure to warn of low battery or in other ways display the battery charge level; failed and omitted to warn plaintiff MIGUEL PEREZ of foreseeable dangers of using the Onewheel Pint; failed and omitted to warn plaintiff MIGUEL PEREZ and others by suitable supervision, warnings, instructions, brochures, pamphlets concerning the proper use of the Onewheel Pint, and the fact that no function was

installed on the device to warn or display of a low battery; failed and omitted to properly test and inspect the Onewheel Pint; failed and omitted to apprehend and comprehend a potentially imminent dangerous, hazardous and perilous accident situation, and failed to take the necessary steps to remedy the same; failed and omitted to provide adequate warnings, instructions, and information that would alert users to the unreasonably dangerous risks of the Onewheel Pint, including, among other things, its unpredictable propensity to shut off suddenly while in operation, without warning, as described above; failed and omitted to incorporate within the Onewheel Pint and its design reasonable safeguards and protections against shut offs, and the consequences thereof; failed and omitted to make timely correction to the design of the Onewheel Pint to correct the shut offs, and the consequences thereof; failed and omitted to adequately identify and mitigate the hazards associated with shut offs, in accordance with good engineering practices; failed and omitted to adequately test the Onewheel Pint to ensure it provided foreseeable users with reasonable safety in foreseeable crashes; failed and omitted to design the Onewheel Pint from a rider's protection standpoint; failed and omitted to warn foreseeable users of the unreasonably dangerous and defective condition(s) of the device despite that defendant FUTURE MOTION, INC. knew or should have known of the unreasonably dangerous condition(s); failed and omitted to disclose known problems and defects; marketing the Onewheel as reasonably safe; failed and omitted to meet or exceed internal corporate guidelines; failed and omitted to notify consumers, as required by law, that a defect exists in the Onewheel Pint that relates to public safety; failed and omitted to recall the Onewheel Pint or, alternatively, retrofit the device to enhance safety; failed and omitted to inform the consumer, including plaintiff, that defendant FUTURE MOTION, INC. knew about the propensity of shut offs causing serious injuries to riders, thus depriving consumers of the right to make a conscious

or free choice in light of the known risks of operating the Onewheel Pint; and in otherwise being careless and negligent.

26. Upon information and belief, the Onewheel Pint was defective when it left the control of defendant FUTURE MOTION, INC; and plaintiff MIGUEL PEREZ could not, by the exercise of reasonable care, have detected or discovered the defect.

27. CAUSATION: Plaintiff MIGUEL PEREZ was seriously injured when using the Onewheel Pint in the manner normally intended for its use solely as a consequence of the negligence of defendant FUTURE MOTION, INC. in designing, manufacturing and selling a defective product.

28. The accident and the personal injuries to plaintiff MIGUEL PEREZ resulting therefrom were caused through and by reason of the negligence of defendant FUTURE MOTION, INC., by and through its agents, servants and/or employees, with no negligence on the part of the plaintiff herein contributing thereto.

29. DAMAGES: As a foreseeable, direct and proximate result of the wrongful acts and omissions of defendant FUTURE MOTION, INC., plaintiff MIGUEL PEREZ was caused to sustain serious, severe and painful personal injuries, was rendered sick, sore, lame, disabled, and otherwise infirm, suffering internal injuries, physical pain, and mental anguish; was compelled to seek medical care and attention, incurring expenses in connection therewith, in an attempt to rectify and remedy his sick, sore, lame, and disabled condition; was caused to undergo numerous surgical procedures; was caused to be incapacitated from his employment and usual activities; was caused to experience severe physical and psychological pain, suffering, required surgery and treatment, incurred expenses, lost earnings, shortened life expectancy, and in other respects, was damaged.

30. By reason of the foregoing, plaintiff MIGUEL PEREZ has been damaged in an indeterminate sum of not less than Five Million ($5,000,000.00) Dollars.

**AS AND FOR A SECOND, SEPARATE & DISTINCT
CAUSE OF ACTION AS AGAINST DEFENDANT FUTURE MOTION, INC.
(FAILURE TO WARN)**

31. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "29" and Paragraphs "30" through "38" with the same force and effect as though fully set forth at length herein.

32. Defendant FUTURE MOTION, INC. developed, tested, assembled, manufactured, packaged, labeled, prepared, distributed, marketed, supplied, and/or sold the Onewheel Pint in the course of its business and continued to do so.

33. Defendant FUTURE MOTION, INC. did in fact develop, test, assemble, manufacture, package, label, prepare, distribute, market, retail, supply, and/or sell the Onewheel Pint, including the distribution of promotional materials, publicity, and/or information to plaintiff MIGUEL PEREZ, including but not limited to, the information printed on the instructions for use, labeling, and/or packaging.

34. Defendant FUTURE MOTION, INC. expected the Onewheel Pint to reach consumers in the State of Florida, including plaintiff MIGUEL PEREZ without substantial change in the condition.

35. Defendant FUTURE MOTION, INC. failed to adequately warn the public, including plaintiff MIGUEL PEREZ, of the risk of suffering the type and manner of injuries suffered by plaintiff MIGUEL PEREZ, which risks and/or dangers were known or should have been known to said defendant.

36. The Onewheel Pint, and the sales and promotional materials, developed, tested, assembled, manufactured, packaged, labeled, prepared, distributed, marketed, retailed, supplied, and/or sold by defendant FUTURE MOTION, INC. were defective, including one or more of the following particulars:

    a. The Onewheel Pint was not properly designed and constructed to support a rider such that those persons properly using the Onewheel Pint would not be ejected by a sudden shutoff;

    b. The Onewheel Pint was not properly designed and constructed so that it would shut off suddenly and without a warning when approaching the device's limits during use;

    c. The Onewheel Pint was not properly designed and constructed so that it would shut off suddenly and without a warning while in motion when the battery was low;

    d. The Onewheel Pint was not properly designed and constructed so that it would shut off suddenly and without a warning to prevent overcharging of the battery while collecting kinetic energy;

    e. The Onewheel Pint was not properly designed and constructed so that it would shut off suddenly and without a warning while in motion when experiencing rapid acceleration;

    f. The Onewheel Pint was not properly designed and constructed so that it would shut off suddenly and without a warning while in motion, due to a software/coding issue.

    g. The Onewheel Pint was not properly designed and constructed so that it would fail to balance while in motion without a warning; and

h. The Onewheel Pint was not properly designed and constructed so that it would suddenly and without warning tip forward and eject riders while in motion such as plaintiff MIGUEL PEREZ herein.

37. The Onewheel Pint, manufactured by defendant FUTURE MOTION, INC., was sold to plaintiff MIGUEL PEREZ and was unreasonably dangerous when sold due to the possibility of stopping suddenly and without warning while in motion.

38. As a direct and proximate result of defendant FUTURE MOTION, INC.'s failure to adequately warn of this risk, plaintiff MIGUEL PEREZ has suffered damages including injury, and physical and mental pain and suffering.

39. Plaintiff MIGUEL PEREZ has also incurred expenses and economic losses.

40. Defendant FUTURE MOTION, INC. failed to adequately warn plaintiff MIGUEL PEREZ. Defendant FUTURE MOTION, INC. knew the Onewheel Pint designed, marketed, manufactured, sold, and distributed by said defendant was defective and not reasonably safe, thereby showing complete indifference to or conscious disregard for plaintiff MIGUEL PEREZ's safety and the safety of the general public.

41. As a foreseeable, direct and proximate result of the wrongful acts and omissions of defendant FUTURE MOTION, INC., plaintiff MIGUEL PEREZ was caused to sustain serious, severe and painful personal injuries, was rendered sick, sore, lame, disabled, and otherwise infirm, suffering internal injuries, physical pain, and mental anguish; was compelled to seek medical care and attention, incurring expenses in connection therewith, in an attempt to rectify and remedy his sick, sore, lame, and disabled condition; was caused to undergo numerous procedures; was caused to be incapacitated from his employment and usual activities; was caused to experience severe physical and psychological pain, suffering, required

surgery and treatment, incurred expenses, lost earnings, shortened life expectancy, and in other respects, was damaged.

42. By reason of the foregoing, plaintiff MIGUEL PEREZ has been damaged in an indeterminate sum of not less than Five Million ($5,000,000.00) Dollars.

**AS AND FOR A THIRD, SEPARATE & DISTINCT CAUSE OF ACTION
AS AGAINST DEFENDANT FUTURE MOTION, INC.
(BREACH OF WARRANTY)**

43. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "29" and Paragraphs "30" through "49" with the same force and effect as though fully set forth at length herein.

44. Defendant FUTURE MOTION, INC. breached its implied warranty of merchantability and fitness for a particular purpose in that the Onewheel Pint was not of merchantable quality, nor was it fit for the use for which it was intended.

45. As a foreseeable, direct and proximate result of the wrongful acts and omissions of defendant FUTURE MOTION, INC., plaintiff MIGUEL PEREZ was caused to sustain serious, severe and painful personal injuries, was rendered sick, sore, lame, disabled, and otherwise infirm, suffering internal injuries, physical pain, and mental anguish; was compelled to seek medical care and attention, incurring expenses in connection therewith, in an attempt to rectify and remedy his sick, sore, lame, and disabled condition; was caused to undergo numerous surgical procedures; was caused to be incapacitated from his employment and usual activities; was caused to experience severe physical and psychological pain, suffering, required surgery and treatment, incurred expenses, lost earnings, shortened life expectancy, and in other respects, was damaged.

46. By reason of the foregoing, plaintiff MIGUEL PEREZ has been damaged in an indeterminate sum of not less than Five Million ($5,000,000.00) Dollars.

**AS AND FOR A FOURTH, SEPARATE & DISTINCT
CAUSE OF ACTION AS AGAINST DEFENDANT FUTURE MOTION, INC.
(STRICT LIABILITY)**

47. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "29" and Paragraphs "30" through "54" with the same force and effect as though fully set forth at length herein.

48. Defendant FUTURE MOTION, INC. is in the business of designing, manufacturing, constructing, assembling, testing, inspecting, labeling, marketing, distributing, and/or selling the Onewheel Pint.

49. Defendant FUTURE MOTION, INC. placed the Onewheel Pint on the market with knowledge that ordinary and intended use of the Onewheel Pint could lead to an unpredictable shutoff, like the one described above, which would foreseeably lead to serious injury of Onewheel Pint users, such as the plaintiff MIGUEL PEREZ.

50. Defendant FUTURE MOTION, INC. knew or should have known that ultimate users, operators, or consumers would not, could not, and did not know that the Onewheel Pint would unpredictably shut off, when the shutoff would occur, what causes it to occur, etc. Defendant FUTURE MOTION, INC. thereby left its customers without the ability to protect themselves from the shutoff defect and the foreseeable serious injuries that could result.

51. The Onewheel Pint was defective and unreasonably dangerous to ultimate users, operators or consumers, including plaintiff MIGUEL PEREZ when sold and distributed by defendant FUTURE MOTION, INC. due to its unreasonably dangerous and unpredictable propensity to shut-off suddenly without warning. This danger was exacerbated by the absence

or inadequacy of warnings or instructions from defendant FUTURE MOTION, INC., which knew or should have known the Onewheel Pint was defective and unreasonably dangerous to users.

52. Further, the Onewheel Pint was defective and unreasonably dangerous to defendant FUTURE MOTION, INC.'s customers and Onewheel users, including plaintiff MIGUEL PEREZ when sold and distributed by said defendant, because of design defects for which there were no appropriate warnings. These defects include, but are not limited to the following:

a) The Onewheel Pint was designed, manufactured, assembled, and/or sold in such a manner that it had inadequate and/or defective safety devices and measures in place to prevent or reduce the severity of ejection injuries from unanticipated shutoffs;

b) The Onewheel Pint was designed, manufactured, assembled, and/or sold without adequate testing by defendant FUTURE MOTION, INC.; and

c) The Onewheel Pint was designed, manufactured, assembled, and/or sold without adequate warnings and instructions regarding defects and dangers known to defendant FUTURE MOTION, INC., but that would not be discovered by Onewheel users in the exercise of ordinary care or in the course of ordinary, intended use of the product.

53. For the reasons set forth above, the Onewheel Pint was unreasonably dangerous to foreseeable users, including plaintiff MIGUEL PEREZ, who used the Onewheel Pint in an ordinary and foreseeable manner.

54. The defects described above directly and proximately caused the incident and damages sustained by plaintiff MIGUEL PEREZ in that they directly, and in a natural and continuous sequence, produced or contributed substantially to his injuries.

55. The defects described above were in existence at the time the Onewheel Pint left the possession, custody, and control of defendant FUTURE MOTION, INC. The Onewheel Pint was not substantially changed or altered in the time between its distribution to plaintiff and the incident described in this complaint.

56. As a foreseeable, direct and proximate result of the wrongful acts and omissions of defendant FUTURE MOTION, INC., plaintiff MIGUEL PEREZ was caused to sustain serious, severe and painful personal injuries, was rendered sick, sore, lame, disabled, and otherwise infirm, suffering internal injuries, physical pain, and mental anguish; was compelled to seek medical care and attention, incurring expenses in connection therewith, in an attempt to rectify and remedy his sick, sore, lame, and disabled condition; was caused to undergo numerous surgical procedures; was caused to be incapacitated from his employment and usual activities; was caused to experience severe physical and psychological pain, suffering, required surgery and treatment, incurred expenses, lost earnings, shortened life expectancy, and in other respects, was damaged.

57. By reason of the foregoing, plaintiff MIGUEL PEREZ has been damaged in an indeterminate sum of not less than Five Million ($5,000,000.00) Dollars.

## JURY DEMAND

58. Plaintiffs hereby demand trial by jury.

## RELIEF

**WHEREFORE**, plaintiff demands judgment against defendants, as follows:

1. On the First Cause of Action against defendant FUTURE MOTION, INC. for compensatory and punitive damages in an indeterminate sum of not less than Five Million ($5,000,000.00) Dollars;

2. On the Second Cause of Action against defendant FUTURE MOTION, INC. for compensatory and punitive damages in an indeterminate sum of not less than Five Million ($5,000,000.00) Dollars;

3. On the Third Cause of Action against defendant FUTURE MOTION, INC. for compensatory and punitive damages in an indeterminate sum of not less than Five Million ($5,000,000.00) Dollars; and

4. On the Fourth Cause of Action against defendant FUTURE MOTION, INC. for compensatory and punitive damages in an indeterminate sum of not less than Five Million ($5,000,000.00) Dollars; and

5. On the Fifth Cause of Action against defendant FUTURE MOTION, INC. for compensatory and punitive damages in an indeterminate sum of not less than Five Million ($5,000,000.00) Dollars; and

Together with interest, counsel fees and the costs and disbursements of this action.

Dated: Miami, FL
         March 22, 2022

/s/ *Aaron Karger*
Aaron A. Karger, Esq.
LAW OFFICE OF
AARON A. KARGER, P.A.
Attorneys for Plaintiff
MIGUEL PEREZ
Office & P.O. Address
16211 NE 18th Avenue, Suite 200
North Miami Beach, Florida 33162
305.577.7772
305.602.9357 (Fax)