# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | | |
|---|---|---|
| MIGUEL PEREZ, | : | Case No.: 6:22-cv-00586-RBD-GJK |
| Plaintiff, | : | **FIRST AMENDED COMPLAINT** |
| v. | : | **JURY TRIAL DEMANDED** |
| FUTURE MOTION, INC., | : | |
| Defendant. | : | |

Plaintiff MIGUEL PEREZ, by his attorney the LAW OFFICE OF AARON A. KARGER, P.A., complaining of the defendants herein, allege as follows:

## THE PARTIES

1. At all times hereinafter mentioned, plaintiff MIGUEL PEREZ was and still is a citizen of the State of Florida, residing in the County of Orange.

2. At all times hereinafter mentioned, defendant FUTURE MOTION, INC. was and still is a foreign corporation, incorporated in the State of Delaware and duly authorized to do business in the State of Florida, having its principal place of business in the City of Santa Cruz, County of Santa Cruz and State of California.

3. Upon information and belief, at all times hereinafter mentioned, Defendant FUTURE MOTION, INC. was in the business of designing, selling, manufacturing and/or distributing products for the purpose of sale and use to the

general public.

4. Upon information and belief, at all times hereinafter mentioned, defendant FUTURE MOTION, INC. transacted and conducted business in the State of Florida.

5. Upon information and belief, at all times hereinafter mentioned, defendant FUTURE MOTION, INC. derived substantial revenue from goods and products used in the State of Florida.

6. Upon information and belief, at all times hereinafter mentioned, defendant FUTURE MOTION, INC. expected or should have expected its acts to have consequences within the State of Florida and derived substantial revenue from interstate commerce within the United States, and within the State of Florida in particular.

7. Additionally, at all material times, defendant FUTURE MOTION, INC. submitted itself to the jurisdiction of this Honorable Court by doing personally or through its agents, the following acts:

    a. Conducting and engaging in substantial business and other activities in Florida by selling its products to persons, firms, or corporations in this state. Such products were purchased and used by consumers in Florida in the ordinary course of commerce and trade;

    b. Committing a tortious act within this state by designing,

assembling, manufacturing, testing, selling and delivering defective products, which are the subject of this Complaint, to persons, firms, or corporations in this state. Such products were used by consumers in Florida in the ordinary course of commerce, trade, or use. Such tortious acts resulted in substantial injuries to persons, including plaintiff MIGUEL PEREZ in Florida;

    c. Causing injury to persons in Florida, including plaintiff MIGUEL PEREZ At or about the time said injuries occurred, defendant FUTURE MOTION, INC. engaged in solicitation
activities in Florida to promote the sale, consumption, and use of its products; and

    d. Manufacturing, selling, and delivering defective products, including a self-balancing electric board/recreational personal transporter, often described as an electric skateboard, known as a "Onewheel Pint" (hereinafter "Onewheel Pint"), with knowledge or reason to foresee that its products would be shipped in interstate commerce and would reach the market of Florida users or consumers.

  8. The events, acts, errors, and/or omissions that give rise to this action occurred in Orange County, Florida.

## JURISDICTION & VENUE

  9. This Court has subject matter jurisdiction over this action

pursuant to 28 U.S.C. Section 1332(a)(1), as a consequence of the fact that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of the State of Florida and citizens or subjects of a foreign State.

10. This Court has personal jurisdiction over the defendants herein because defendants transact business within the State of Florida and this district; have availed themselves of the privilege of conducting activities within the State of Florida and this district; and have engaged in the activities giving rise to this lawsuit within the State of Florida and this district.

11. Venue is appropriate in this Court pursuant to 28 U.S.C. Section 1391(a)(b) because defendants maintain offices within this district and/or are transacting business in this district; and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## ALLEGATIONS COMMON TO ALL CLAIMS AGAINST DEFENDANT FUTURE MOTION

12. At all times hereinafter mentioned, defendant FUTURE MOTION, INC. designed and manufactured, offered for sale, sold and delivered to plaintiff MIGUEL PEREZ directly, a self-balancing electric board/recreational personal transporter, often described as an electric skateboard known as a "Onewheel Pint" bearing Serial Number 2048200233.

13. Defendant FUTURE MOTION, INC. developed, tested, assembled, manufactured, packaged, labeled, prepared, distributed, marketed, supplied, and/or sold the Onewheel Pint in the course of its business and continued to do so.

14. Defendant FUTURE MOTION, INC. did in fact develop, test, assemble, manufacture, package, label, prepare, distribute, market, retail, supply, and/or sell the Onewheel Pint, including the distribution of promotional materials, publicity, and/or information to plaintiff MIGUEL PEREZ, including but not limited to, the information printed on the instructions for use, labeling, and/or packaging.

15. Defendant FUTURE MOTION developed, designed, and engineered all of the Onewheel Pint subsystems, including motors, power electronics, battery modules, firmware, software, and smartphone applications.

16. At all material times defendant FUTURE MOTION sold and delivered the Onewheel Pint directly to plaintiff MIGUEL PEREZ.

17. Defendant FUTURE MOTION, INC. expected the Onewheel Pint to reach consumers in the State of Florida, including plaintiff MIGUEL PEREZ without substantial change in the condition.

18. Videos on defendant FUTURE MOTION's website depict users

riding the Onewheel Pint in a variety of settings: through standing water, on roadways (with cars in the vicinity), across dirt paths, gravel roads, on the beach, through deep sand, through wooded areas, and on and off the sidewalk.

19. There are miscalculations in the design and operation of the Onewheel Pint that cause the board to cease balancing the operator while in use, causing the front of the board to dip and touch the ground and sometimes stop altogether, ejecting the unsuspecting rider forward and off the board. This unreasonably dangerous defect as alleged herein (hereinafter referred to as a "nosedive") caused severe injuries to plaintiff MIGUEL PEREZ in his ordinary use of the Onewheel Pint.

20. Defendant FUTURE MOTION has equipped the Onewheel Pint with what it calls "Push Back" when the device is approaching its limits during use. Often, however, instead of or in addition to the Push Back, which is allegedly designed as a warning to riders to avoid a dangerous situation, the Onewheel Pint will abruptly nosedive during ordinary use. This almost always results in the rider being thrown off the device. Different factors affect whether, when, and how the Onewheel Pint will nosedive. These factors include: the rider's weight, the tire pressure, the wind direction, the rider's stance, the battery level, the grade of incline or decline, and others. Thus, predicting exactly when or what will cause the Onewheel Pint to nosedive is nearly impossible for the Onewheel Pint rider.

21. The Onewheel Pint may nosedive while in motion due to: (i) velocity; (ii) ascending hills; (iii) descending hills; (iv) when the battery has too little charge; (v) when the battery has too much charge; (vi) when the Onewheel Pint accelerates too quickly; (vii) some combination of causes; and (viii) causes that are still not understood. The Onewheel Pint is also known to abruptly nosedive at random during ordinary use when none of these factors are present.

22. Not only is it prohibitively difficult to determine when the Onewheel Pint will abruptly nosedive during ordinary use, but such unexpected events almost invariably cause the rider to be ejected and injured, often severely, as in this case.

23. On or about October 16, 2021, while plaintiff MIGUEL PEREZ was riding the Onewheel Pint on Lake Live Oak Dr., in Avalon Park, Orlando, located in Orange County, Florida, in accordance with the packaged instructions, the Onewheel Pint, without notice, suddenly and unexpectedly shut off while in motion causing said plaintiff to be ejected from the Onewheel Pint, and which fall caused plaintiff to sustain the serious injuries hereinafter set forth.

24. At all times material to this action, plaintiff used the Onewheel Pint in the manner in which defendant FUTURE MOTION, Inc. intended it to be used.

## AS AND FOR A FIRST, SEPARATE & DISTINCT CAUSE OF ACTION AS AGAINST DEFENDANT FUTURE MOTION, INC. (NEGLIGENCE)

25. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "24" with the same force and effect as though fully set forth at length herein.

26. DUTY: In designing, manufacturing, constructing, assembling, testing, inspecting, labeling, marketing, distributing and/or selling the Onewheel Pint, defendant FUTURE MOTION, INC. had a duty to users, operators, and consumers, like plaintiff MIGUEL PEREZ, to provide products that were safe for their intended and foreseeable uses. Defendant FUTURE MOTION, INC. was under a duty to properly and adequately design, manufacture, construct, assemble, test, inspect, label, provide adequate warnings for, market, distribute, and sell the Onewheel Pint in a reasonably safe condition so as not to present a danger to consumers who reasonably and expectedly under ordinary circumstances would come into contact with the Onewheel Pint, including plaintiff MIGUEL PEREZ.

27. BREACH: Defendant FUTURE MOTION, INC., its agents, servants and/or employees were reckless, careless and negligent in, among other things, that they

        a.      Failed to properly design, manufacture, construct, inspect, test, assemble, and/or sell the Onewheel Pint in a condition that was reasonably safe for foreseeable uses;

        b.      Failed to properly design, manufacture, construct, inspect, test, assemble, and/or sell the Onewheel Pint in such a manner that it had adequate and/or effective safety devices and measures;

        c.      Failed to properly design, manufacture, construct, inspect, test, assemble, label, sell, and otherwise place the Onewheel Pint on the market for sale to the public in a condition free of defects and hazards which created an unreasonable danger of injury or death to consumers under normal and foreseeable circumstances, including, but not limited to, (i) nosediving suddenly and without warning (1) when approaching the device's limits during use, (2) while in motion when the battery was low, (3) to prevent overcharging of the battery while collecting kinetic energy, (4) while in motion when experiencing quick acceleration, (5) due to a software/coding issue; (ii) failing to balance while in motion without warning; and (iii) tipping forward while in motion without warning and ejecting riders such as plaintiff MIGUEL PEREZ herein;

   d. Marketed, promoted, advertised, and represented that the Onewheel Pint was suitable for use when defendant FUTURE MOTION, INC. knew or should have known that it was not;

   e. Failed to properly design, manufacture, assemble and or sell the Onewheel Pint in such a manner that it would not unexpectedly nosedive;

   f. Failed and omitted to apprehend and comprehend a potentially imminent dangerous, hazardous and perilous accident situation, and failed to take the necessary steps to remedy the same;

   g. Failed to adequately warn the public, including plaintiff MIGUEL PEREZ, of the risk of nosedives, which risks and/or dangers were known or should have been known to said defendant;

   h. Failed to adequately warn the public, including plaintiff MIGUEL PEREZ, that the Onewheel Pint was not properly designed and constructed to support a rider such that those persons properly using the Onewheel Pint would be ejected by a sudden nosedive;

   i. Failed to adequately warn the public, including plaintiff MIGUEL PEREZ, that the Onewheel Pint would nosedive suddenly and without a warning when(a) approaching the device's limits during use, (b) while in motion when the battery was low; (c) to prevent overcharging of the battery while collecting kinetic energy, (d) due to a software/coding issue.

  j. Failed to adequately warn the public, including plaintiff MIGUEL PEREZ, that the Onewheel Pint would would fail to balance while in motion;

  k. Failed to adequately warn the public, including plaintiff MIGUEL PEREZ, that the Onewheel Pint would suddenly tip forward and eject riders while in motion.

  l. Failed and omitted to notify consumers, as required by law, that a defect exists in the Onewheel Pint that relates to public safety; and

  m. Failed and omitted to recall the Onewheel Pint or, alternatively, retrofit the device to enhance safety.

  28. Upon information and belief, the Onewheel Pint was defective when it left the control of defendant FUTURE MOTION, INC; and plaintiff MIGUEL PEREZ could not, by the exercise of reasonable care, have detected or discovered the defect.

  29. CAUSATION: Plaintiff MIGUEL PEREZ was seriously injured when using the Onewheel Pint in the manner normally intended for its use when his board nosedived suddenly and without warning, propelling him forward and to the ground.

30. The accident and the personal injuries to plaintiff MIGUEL PEREZ resulting therefrom were caused solely as a consequence of the negligence of defendant FUTURE MOTION, INC., by and through its agents, servants and/or employees, in designing, manufacturing and selling a defective product with insufficient warnings, with no negligence on the part of the plaintiff herein contributing thereto.

31. DAMAGES: As a foreseeable, direct and proximate result of the wrongful acts and omissions of defendant FUTURE MOTION, INC., plaintiff MIGUEL PEREZ was caused to sustain serious, severe and painful personal injuries, including among other things, multiple fractures to his right elbow and his fingers, requiring surgeries, he was rendered sick, sore, lame, disabled, and otherwise infirm, suffering internal injuries, physical pain, and mental anguish; was compelled to seek medical care and attention, incurring expenses in connection therewith, in an attempt to rectify and remedy his sick, sore, lame, and disabled condition; was caused to undergo numerous surgical procedures; was caused to be incapacitated from his employment and usual activities; was caused to experience severe physical and psychological pain, suffering, required surgery and treatment, incurred expenses, lost earnings, shortened life expectancy, and in other respects, was damaged.

32. By reason of the foregoing, plaintiff MIGUEL PEREZ has been damaged in an indeterminate sum of not less than Five Million ($5,000,000.00) Dollars.

### AS AND FOR A SECOND, SEPARATE & DISTINCT CAUSE OF ACTION AS AGAINST DEFENDANT FUTURE MOTION, INC. (STRICT LIABILITY)

33. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "24" with the same force and effect as though fully set forth at length herein.

34. Defendant FUTURE MOTION, INC. is in the business of designing, manufacturing, constructing, assembling, testing, inspecting, labeling, marketing, distributing, and/or selling the Onewheel Pint.

35. Defendant FUTURE MOTION, INC. placed the Onewheel Pint on the market with knowledge that ordinary and intended use of the Onewheel Pint could lead to an unpredictable nosedive, like the one described above, which would foreseeably lead to serious injury of Onewheel Pint users, such as the plaintiff MIGUEL PEREZ.

36. Defendant FUTURE MOTION, INC. knew or should have known that ultimate users, operators, or consumers would not, could not, and did not know that the Onewheel Pint would unpredictably nosedive, when the

13

nosedive would occur, what causes it to occur, etc. Defendant FUTURE MOTION, INC. thereby left its customers without the ability to protect themselves from the nosedive defect and the foreseeable serious injuries that could result.

37. The Onewheel Pint was defective and unreasonably dangerous to ultimate users, operators or consumers, including plaintiff MIGUEL PEREZ when sold and distributed by defendant FUTURE MOTION, INC. due to its unreasonably dangerous and unpredictable propensity to nosedive suddenly without warning. This danger was exacerbated by the absence or inadequacy of warnings or instructions from defendant FUTURE MOTION, INC., which knew or should have known the Onewheel Pint was defective and unreasonably dangerous to users.

38. Further, the Onewheel Pint was defective and unreasonably dangerous to defendant FUTURE MOTION, INC.'s customers and Onewheel users, including plaintiff MIGUEL PEREZ when sold and distributed by said defendant, because of design defects for which there were no appropriate warnings. These defects include, but are not limited to the following:

a. The Onewheel Pint was designed, manufactured, assembled, and/or sold in such a manner that it had inadequate and/or defective safety devices and measures in place to prevent or reduce the severity of ejection injuries from unanticipated nosedives;

      b.      The Onewheel Pint was designed, manufactured, assembled, and/or sold without adequate testing by defendant FUTURE MOTION, INC.; and

      c.      The Onewheel Pint was designed, manufactured, assembled and/or sold without adequate warnings and instructions regarding defects and dangers known to defendant FUTURE MOTION, INC., but that would not be discovered by Onewheel users in the exercise of ordinary care or in the course of ordinary, intended use of the product.

      39.      For the reasons set forth above, the Onewheel Pint was unreasonably dangerous to foreseeable users, including plaintiff MIGUEL PEREZ, who used the Onewheel Pint in an ordinary and foreseeable manner.

      40.      The defects described above directly and proximately caused the incident and damages sustained by plaintiff MIGUEL PEREZ in that they directly, and in a natural and continuous sequence, caused plaintiff's Onewheel Pint to nosedive which produced or contributed substantially to his injuries.

      41.      The defects described above were in existence at the time the Onewheel Pint left the possession, custody, and control of defendant FUTURE MOTION, INC. The Onewheel Pint was not substantially changed or altered in the time between its distribution to plaintiff and the incident described in this complaint.

42. As a foreseeable, direct and proximate result of the wrongful acts and omissions of defendant FUTURE MOTION, INC., plaintiff MIGUEL PEREZ was caused to sustain serious, severe and painful personal injuries, including among other things, multiple fractures to his right elbow and his fingers, requiring surgeries, he was rendered sick, sore, lame, disabled, and otherwise infirm, suffering internal injuries, physical pain, and mental anguish; was compelled to seek medical care and attention, incurring expenses in connection therewith, in an attempt to rectify and remedy his sick, sore, lame, and disabled condition; was caused to undergo numerous surgical procedures; was caused to be incapacitated from his employment and usual activities; was caused to experience severe physical and psychological pain, suffering, required surgery and treatment, incurred expenses, lost earnings, shortened life expectancy, and in other respects, was damaged.

43. By reason of the foregoing, plaintiff MIGUEL PEREZ has been damaged in an indeterminate sum of not less than Five Million ($5,000,000.00) Dollars.

## JURY DEMAND

44. Plaintiffs hereby demand trial by jury.

## RELIEF

**WHEREFORE**, plaintiff demands judgment against defendants, as follows:

1. On the First Cause of Action against defendant FUTURE MOTION, INC. for compensatory and punitive damages in an indeterminate sum of not less than Five Million ($5,000,000.00) Dollars;

2. On the Second Cause of Action against defendant FUTURE MOTION, INC. for compensatory and punitive damages in an indeterminate sum of not less than Five Million ($5,000,000.00) Dollars;

Together with interest, counsel fees and the costs and disbursements of this action.

Dated: Miami, Florida
June 17, 2022

_\S\_ Aaron A. Karger, Esq.
Aaron A. Karger, Esq.
Florida Bar No.: 93226
LAW OFFICE OF AARON A. KARGER, P.A.
Attorneys for Plaintiff
MIGUEL PEREZ
Office & P.O. Address
16211 NE 18th Avenue, Suite 200
North Miami Beach, Florida 33162
305.577.7772

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Notice of Interested Parties has been electronically filed and served using the CM/ECF Federal E-filing Portal this 17th day of June, 2022 to all attorneys of record:

    Michael Holt, Esq.
    Ligianette Cordova, Esq.
    RUMBERGER, KIRK & CALDWELL, P.A.
    Attorneys for Defendant
    FUTURE MOTION, INC.
    Office & P.O. Address
    Brickell City Tower, Suite 3000
    80 Southwest 8th Street
    Miami, Florida 33130-3037
    Tel: 305.358.5577
    Fax: 305.371.7580

Dated: June 17, 2022

                                                        *\S\_Aaron A. Karger, Esq.*
                                                        Aaron A. Karger, Esq.