# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MIGUEL PEREZ,

      Plaintiff,

      v.

FUTURE MOTION, INC.,

      Defendant.

Case No. 6:22-cv-586-RBD-RMN

## <u>REPORT AND RECOMMENDATION</u>

This cause came on for consideration without oral argument on Plaintiff's Motion for Miscellaneous Relief, specifically Relief from Court's Order Denying Plaintiff's Motion to Extend Time or in the alternative Plaintiff's Motion to Dismiss Without Prejudice (Dkt. 52), filed April 9, 2023. Defendant opposes. Dkt. 53. Upon consideration, I recommend that the Motion be denied.

## I.    Background

On March 22, 2022, Plaintiff filed this products liability personal injury case against Defendant, Future Motion, Inc., and filed his First Amended Complaint on June 17, 2022 (Dkt. 22), alleging that he was injured while using Defendant's Onewheel Pint (the "Subject Board"). *Id.* at ¶ 23. On May 11-12, 2022, experts for both parties examined the Subject Board. Dkt. 41-1, ¶ 2. The

Court entered a Case Management and Scheduling Order on August 1, 2022, setting April 24, 2023, as the deadline for discovery; December 23, 2022, as the deadline for Plaintiff's expert witness disclosure and report; January 23, 2023, as the deadline for Defendant's expert witness disclosure and report; and June 1, 2023, as the dispositive motion deadline. Dkt. 31.

On December 9, 2022, Plaintiff moved for a 60-day extension of pretrial deadlines due to the unexpected death of co-counsel Mr. Steven Halperin. Dkt. 36. Defendant did not oppose, and the Court extended the discovery deadline to May 1, 2023; Plaintiff's expert witness disclosure and report deadline to February 10, 2023; and Defendant's expert witness disclosure and report deadline to March 7, 2023. Dkt. 38. In the interim, the parties took Plaintiff's deposition on February 3, 2023. Dkt. 52, at 5; Dkt. 53, at 11.

On February 9, 2023, one day before his expert disclosures and report was due, Plaintiff filed a second motion for extension of all pretrial deadlines. Dkt. 39. Defendant opposed, and the Court denied the motion because of the length of time the case has been set for trial and the lack of good cause established by Plaintiff. Dkt. 43. Plaintiff now moves for "rehearing" of this order or for a dismissal of the action without prejudice. Dkt. 52.

## II.    Legal Standards

### A.    Rule 60(b)

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final order under several circumstances. Rule 60(b)(1) provides that good cause to set aside a judgment or order can consist of mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). The Supreme Court has determined that excusable neglect "encompasse[es] situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 394 (1993). The determination of whether the failure to comply with a court-ordered deadline is excusable neglect "is at bottom an equitable one, taking account of relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant and whether the movant acted in good faith." *Id*. at 395. The Eleventh Circuit has "'demonstrated its wariness' of grants of relief from judgment based upon

attorney error." *Norment v. Newton Cnty. Sheriff's Dept.*, 352 F. App'x 316, 318 (11th Cir. 2009).[1]

Additionally, a court may afford relief for any other reason that so justifies. Fed. R. Civ. P. 60(b)(6). This catchall provision, however, "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Hunt v. United States*, No. 5:12-cv-370, 2015 WL 176375, at *2 (M.D. Fla. Jan. 13, 2015) (quoting *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993)) (internal quotation marks omitted).

## B.   Voluntary Dismissal

On the other hand, Federal Rule of Civil Procedure 41 governs the dismissal of actions. A plaintiff may dismiss an action without an order of the Court at any time before the adverse party responds to the complaint or moves for summary judgment. Fed. R. Civ. P. 41(a)(1). However, if the adverse party has served an answer and/or filed a motion for summary judgment, as here, dismissal is available only upon order of the Court and upon such terms as the Court deems appropriate. Fed. R. Civ. P. 41(a)(2).

A district court enjoys broad discretion in determining whether to allow voluntary dismissal under Rule 41(a). *Potenberg v. Boston Scientific Corp.*, 252

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

F.3d 1253, 1255 (11th Cir. 2001). The Eleventh Circuit has stated that "a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *Id.* (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856–57 (11th Cir. 1986) (emphasis in original)). The crucial question to be asked is: "Would the defendant lose any substantial right by the dismissal?" *Id.* (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)).[2] In exercising discretion pursuant to Rule 41(a)(2), the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* at 1256. Generally, a dismissal should be without prejudice absent evidence of counsel's bad faith. *See id.* at 1256–57.

### III.   Analysis

### A.   Plaintiff is not entitled to Relief under Rule 60(b).

It is unclear whether counsel is claiming that the failure to retain and disclose an expert was the result of mistake, inadvertence, surprise, or excusable neglect. Counsel similarly fails to make specific legal argument pursuant to either Rule 60(b)(1) or (b)(6). But counsel's failure to articulate a

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

specific reason under the Rule foreshadows a large issue: the order Plaintiff seeks "rehearing" of is not a final order or judgment as envisioned by Rule 60(b). *See Hauck v. Borg Warner Corp.*, No. 6:04-CV-1835, 2006 WL 2927559, at *2 (M.D. Fla. Oct. 12, 2006) (noting that Rule 60(b) "applies only to final orders and judgments") (citing *Burke v. Warren Cnty. Sherrif's Dep't*, 916 F. Supp. 181, 183 (N.D.N.Y. 1996) ("Plaintiff's ostensibly bring this motion under Federal Rule of Civil Procedure 60(b). The court observes, however, that this motion is not properly brought under that rule . . . Interlocutory orders and judgments are not subject to the strictures of Rule 60(b), but remain within 'the complete power of the court rendering them to afford such relief from them as justice requires.'")). Thus, I recommend that the motion be denied as it relates to Rule 60(b) relief.

## B. Dismissal Without Prejudice is Not Appropriate.

I next turn to the analysis pursuant to Rule 41. Under Federal Rule of Civil Procedure 41(a)(2), "[v]oluntary dismissal without prejudice is not a matter of right," and after a defendant files a motion for summary judgment, the plaintiff may dismiss his case by court order only. *Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502, 1502–03 (11th Cir. 1991). The issue is left to the discretion of the court. *Mosley v. JLG Indus., Inc.*, 189 F. App'x 874, 875 (11th Cir. 2006).

In exercising its discretion, the court should "keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for the protection of the defendants." *Id.* For example, in *Mosley*, the Eleventh Circuit affirmed a denial of a motion for dismissal because significant time had lapsed since commencement of the case, the plaintiff had received "extensions . . . for naught," and "[p]laintiff's motion to dismiss—filed while [d]efendant's summary judgment motions were pending—was 'solely motivated to avoid an expected adverse ruling on Defendants' summary judgment motions." *Id.* at 876; *see also McBride v. JLG Indus., Inc.*, 189 F. App'x 876, 878 (11th Cir. 2006) (affirming denial of plaintiff's motion to voluntarily dismiss without prejudice a products liability action due to the "considerable time [that] had been expended and expenses incurred").

In the Motion, Plaintiff lays the blame solely on his deceased counsel, arguing that "[he] himself did nothing to create the current situation," and that counsel's unexpected death "caused plaintiff to miss the deadline to file his expert disclosures." Dkt. 52, at 3. Rather than arguing that voluntary dismissal is an appropriate remedy and that Defendant will not suffer legal prejudice, Plaintiff doubles down and states that "[t]his case was simply not being pushed at the same pace as the others, and we do not have the records or notes, or Mr. Halperin himself, to explain the reasons why." *Id.* at 6.

Defendant's response sheds some light on the procedural status of the case. Defendant notes that this case has been pending for over a year, the parties conducted a board inspection, exchanged written discovery, and sat for plaintiff's deposition, which notably occurred after Mr. Halperin's death and amid a prolonged extension the court previously granted the parties. *See* Dkt. 53, at 11, Dkt. 38. Defendant retained its own expert, produced expert disclosures, and prepared a motion for summary judgment. Dkt. 53, at 11; Dkt. 50.

And there is reason to question Plaintiff's attempt to place all legal strategy and information for this case in Mr. Halperin's hands alone. Although Plaintiff states that "[t]he instant action was primarily Mr. Halperin's responsibility," (Dkt. 52, at 5), Defendant notes that the attorneys present at the Subject Board's inspection were Mr. Karger, Mr. McKelvey, and Mr. Weiskopf—not Mr. Halperin. Dkt. 53, at 2; Dkt. 53-1 at ¶ 2. Further, Mr. Weiskopf was the attorney communicating with Defense counsel regarding mediation—not Mr. Halperin. Dkt. 53-1 at 4. And Mr. Karger and Mr. Weiskopf signed Plaintiff's discovery responses—not Mr. Halperin (who was not even on the service email). Dkt. 50-1 at 293. All of this suggests that the prosecution of Plaintiff's claims was a team effort. I therefore conclude that Plaintiff has not shown that Mr. Halperin was the only attorney with

knowledge of the case or that his death was the reason for the inattention to case deadlines.

Based on the arguments of the parties and the information provided, I recommend that the Court deny Plaintiff's request for a dismissal under Rule 41 for the following reasons. Over a year has passed since the commencement of this case on March 22, 2022. Plaintiff received a generous extension of pretrial deadlines to assist in organizing case management after Mr. Halperin's unfortunate passing. Furthermore, Plaintiff sat for his deposition—after Mr. Halperin's passing—which signaled to the Defendant that Plaintiff intended to keep the litigation on track. Defendant moved the case along, as required by the case management order. But Plaintiff did not. As Magistrate Judge Bremer previously noted, the rub here appears to be that counsel did not diligently pursue retaining an expert and providing that expert with the materials needed to form an opinion in a timely fashion. Dkt. 43 at 3. Though some of that delay may be attributed to Mr. Halperin's passing, some of it undoubtably occurred during the extension granted after his death. In fact, it appears more likely than not that there was a late realization of the need to obtain further discovery in support of Plaintiff's expert. That error is ultimately the result of a lack of diligence.[3]

---

[3] The lack of diligence is also shown by Mr. Weiskopf's failure to move to appear pro hac vice, as he has done in at least four other cases in this district in the

Balanced against this is the prejudice that Defendant would certainly experience if this case were dismissed. Defendant has incurred significant costs. If Plaintiff was permitted to dismiss this case and bring another Defendant would incur even more costs, both in time and money.

In sum, Plaintiff had an opportunity to cure the procedural missteps in this case and failed to do so within the time proscribed. The Court should not exercise its discretion to grant dismissal in these circumstances. I therefore recommend Plaintiff's motion be denied.

## IV.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Motion (Dkt. 52) be **DENIED**.

## <u>NOTICE TO PARTIES</u>

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the

---

recent past. *See McNair v. Future Motion, Inc.*, No. 3:22-cv-329-MMH-LLL (M.D. Fla.); *Smith v. Future Motions, Inc.*, No. 22-cv-320-CEH-MRM (M.D. Fla.); *Koop v. Future Motion, Inc.*, No. 3:22-cv-134-TJC-PDB (M.D. Fla.); *Calciano v. Future Motion, Inc.*, No. 8:21-cv-2984 (M.D. Fla.). But given his recent appearance in four cases, Mr. Weiskopf likely could not serve as counsel in this case without engaging in general practice of law in this state, in accordance with the Florida Rule of General Practice and Judicial Administration 2.510 (noting, for the purposes of this rule, "more than 3 appearances within a 365-day period in separate cases shall be presumed to be a "general practice" of law in the State of Florida). Even so, sufficient time has passed for another attorney from Mr. Halperin's firm or another firm to appear in Mr. Halperin's place.

proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Orlando, Florida, on May 19, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Counsel of Record