UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIGUEL PEREZ,

    Plaintiff,

v.                                  Case No. 6:22-cv-586-RBD-RMN

FUTURE MOTION, INC.,

    Defendant.
_____

## ORDER

Before the Court are Defendant's motion for summary judgment (Doc. 50) and Plaintiff's motion for relief from an order denying him an extension of time (Doc. 52).

In December 2022, Plaintiff moved for and was granted an extension of various deadlines, including the expert deadline, due to the death of one of his attorneys. (Docs. 36, 38.) In February 2023, he sought a second extension, which the Court denied. (Docs. 39, 43.) Then, Plaintiff—having let the expert deadline expire without retaining one and facing summary judgment—moved for relief from the denial Order; alternatively, he sought dismissal without prejudice so he can start a new case. (Doc. 52.)

U.S. Magistrate Judge Robert M. Norway entered a Report and Recommendation ("R&R") recommending that the Court deny the request for

relief from the extension denial because Plaintiff did not give specific reasons why failing to retain an expert warranted relief under Federal Rule of Civil Procedure 60(b) and Rule 60(b) does not apply to the nondispositive extension denial anyway. (Doc. 57.) Judge Norway also recommended that the Court deny the request to dismiss the case without prejudice under Rule 41(a)(2) due to lack of diligence, reasoning that Plaintiff already received one extension from the Court after his attorney's death and other attorneys have been involved both before and after his passing but they have still failed to move the case along. (*Id.*)

Plaintiff objected to the R&R on three grounds: (1) there would be no prejudice to Defendant if the case were dismissed and refiled; (2) neither Plaintiff nor his counsel acted in bad faith; and (3) equity favors Plaintiff. (Doc. 58 ("Objection").) True enough, the prospect of a subsequent lawsuit alone is not enough to establish prejudice, but that is not the case here. *See Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). Plaintiff contends that the parties could simply pick up where they left off if this case were dismissed and refiled, but more money must be spent getting a second case off the ground, more discovery must be done, and there will be an unavoidable delay in getting the second case to where the instant one is, causing the evidence to become stale. (*See* Doc. 57, p. 10.) The considerable time and expense incurred already here plus more to come, coupled with the previous extension given to Plaintiff, is enough to

establish that Defendant would be prejudiced by dismissal at this late stage. *See Mosley v. JLG Indus., Inc.*, 189 F. App'x 874, 876 (11th Cir. 2006); *McBride v. JLG Indus., Inc.*, 189 F. App'x 876, 878 (11th Cir. 2006).[1] And while there is no suggestion of bad faith or intentional misconduct by Plaintiff or his attorneys, prejudice is the key inquiry—which is established here. *Cf. Pontenberg*, 252 F.3d at 1258–59. Finally, as to the equities, the Court is always hesitant to hold counsel's failures against a client, but as Judge Norway rightly noted, Plaintiff's case was a "team effort," and Plaintiff's team's inattention cannot be permitted to prejudice Defendant, which has spent considerable time and money getting this case ready on time. (*See* Doc. 57, pp. 8–9.) So Plaintiff's Objection is due to be overruled and the R&R adopted.

With no expert, Plaintiff cannot prove his products liability claims as a matter of law, so Defendant is entitled to summary judgment. (Doc. 52, p. 2; Doc. 54); *see Cates v. Zeltiq Aesthetics, Inc.*, 535 F. Supp. 3d 1222, 1230 (M.D. Fla. 2021), *aff'd*, 73 F.4th 1342 (11th Cir. 2023) ("[A] design defect claim must be proven by expert testimony." (cleaned up)).

Accordingly, it is **ORDERED AND ADJUDGED**:

---

[1] Plaintiff's attempt to assign error to Judge Norway's citation to *Mosley* and *McBride* is unavailing. (Doc. 59, pp. 7–8; *see* Doc. 57, pp. 6–7.) While only one prior extension was granted in this case as opposed to "many" in those cases, the general principle still stands that considerable time and expense incurred, a late stage of the litigation, and a lack of diligence by counsel combined may add up to prejudice in the Court's discretion. *See Mosley*, 189 F. App'x at 876; *McBride*, 189 F. App'x at 878.

1. Plaintiff's Objection to the R&R (Doc. 58) is **OVERRULED**.

2. The R&R (Doc. 57) is **ADOPTED AND CONFIRMED** and made a part of this Order in its entirety.

3. Plaintiff's motion for relief from the extension denial (Doc. 52) is **DENIED**.

4. Defendant's motion for summary judgment (Doc. 50) is **GRANTED**.

5. The Clerk is **DIRECTED** to enter judgment in favor of Defendant and against Plaintiff and then to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 21, 2023.

ROY B. DALTON, JR.
United States District Judge